[No. 1704, January 9, 1915.]

STATE v. MONTGOMERY.

### SYLLABUS BY THE COURT.

Section 4116, Comp. Laws 1897, construed, Held, that such section denominates as a crime the carrying on of a retail liquor business without first having procured a license, and also makes it an offense for a person to sell liquor without having first obtained a license as a retail liquor dealer

Consequently, where an indictment charges but a single sale, and does not allege that the defendant was a retail liquor dealer, it is sufficient to withstand a motion to quash.

P. 40

Appeal from District Court, Eddy County, E. L. Medler, Judge.

George Montgomery was charged with unlawfully selling liquors, and from the sustaining of a motion to quash the indictment, the State appeals. Reversed, with directions.

IRA L. GRIMSHAW, Assistant Attorney General, for the State.

The indictment was drawn under section 4126, C. L. 1897. The statutes include a person not engaged in the business of selling liquor as well as one that is so engaged. A repetition of language occurs if this is not so. The question is purely one of statutory construction.

No brief for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.—On the 14th day of January, 1914, the grand jury of Eddy county returned an indictment against the appellee, which, omitting the formal allegations, reads as follows:

"That George Montgomery, late of the county of Eddy, in the state of New Mexico, on the 22d day of November, in the year one thousand nine hundred and thirteen, at the county of Eddy, in said state of New Mexico, did unlawfully sell to Bud Blair, then and there being, spirituous, malt, and vinous liquors, to-wit, whiskey, in a quantity less than four and seven-eighths gallons, to-wit, two quarts, the said George Montgomery not then and there having a license authorizing and allowing him to then and there

sell spirituous, malt, and vinous liquors in quantities less than four and seven-eighths gallons, contrary," etc.

Appellee filed a motion to quash the indictment on the ground that it stated no offense known to or denounced by the laws of this state, which was sustained by the court, and judgment accordingly entered. From this judgment the state appealed.

Appellee's counsel filed no brief in the case; consequently we do not have the benefit of their argument in favor of the alleged insufficiency of the indictment. The Attorney General says in his brief:

> "The theory of the court below, no doubt, was that the statute did not include the sale of spirituous liquors made by a person not engaged in, and carrying on, the business of a retail liquor dealer. The theory of the court was that a private sale made by an individual did not come within the terms of the statute."

The indictment attempted to charge a violation of section 4126, C. L. 1897, which section reads as follows:

> "Any person who shall carry on the business of retail liquor dealer or who shall sell or attempt to sell any spirituous, malt or vinous liquors without having first obtained a license as in section four thousand one hundred and twenty-four hereof provided, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in a sum of not less than one hundred dollars and not more than five hundred dollars, or by imprisonment for not less than thirty days and not more than one year, in the discretion of the court."

Section 4124, referred to in the section quoted, reads as follows:

> "Upon every license granted under the provisions of this act for the retail sale of malt, vinous and spirituous liquors there shall be collected before such license is issued, a tax as follows, viz.:—For such license to do business in a pre-

cinct, village or town without the limits of any village, town or city having not more than five hundred inhabitants, and in such town or city having not more than five hundred inhabitants, one hundred dollars; in a precinct, village, town or city of not less than five hundred and not more than one thousand inhabitants, two hundred dollars; in a precinct, village, town or city having more than one thousand inhabitants, four hundred dollars."

The plain meaning of section 4126, supra, is that any person who shall carry on the business of a retail liquor dealer, or any person who shall sell or attempt to sell liquor without having first obtained a license, shall be guilty of a violation of such section and punished therefor, as in the section provided. It is evident that the Legislature did not intend to say that the offense could only be committed by a person carrying on the business of a retail liquor dealer. The Legislature did not intend a repetition in stating who might be guilty of selling liquor without a license. If the contention of the trial court, as stated by the Attorney General, is correct, then a repetition must ensue, for the statute would then have to read that any person who shall carry on the business of a retail liquor dealer, and who shall sell or attempt to sell liquors without having first obtained a license, shall be guilty of the offense. The business of carrying on a retail liquor trade must necessarily include the selling of liquor. It is plain, we think, that the statute intended to make it an offense for any person to carry on a retail liquor trade without a license, and also to make it an offense for any person to sell liquor without having first obtained a license. Such is the literal meaning of the statute, and, this being true, it necessarily follows that the trial court erroneously sustained the motion to quash the indictment.

The cause will therefore be reversed, with directions to the trial court to overrule the motion to quash; and it is so ordered.

HANNA and PARKER, JJ., concur.